```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:08-00156

**MILFORD HUBERT GORDON**


<u>MEMORANDUM OPINION AND ORDER</u>

On July 23, 2008, the grand jury returned a two-count indictment against the defendant.  Count One charged defendant with the knowing possession of a Stevens 12 gauge shotgun after having been previously convicted of certain felony offenses, in violation of 18 U.S.C. § 922(g)(1).  Count Two charged defendant under the same statute relating to his alleged knowing possession of a handgun only generically described in the indictment.

On November 14, 2008, the parties and counsel appeared for a plea hearing.  The proposed plea agreement required defendant to plead guilty to Count One.  In the stipulation of facts accompanying the proposed plea agreement at Exhibit A, it is stated, without elaboration, that "[o]n or about April 26, 2007, at his house . . . [defendant] possessed a Stevens 12 gauge shotgun [("firearm")]. . . ."  (Plea Agmt., ex. A at 1).

During the plea colloquy, the court inquired of the defendant concerning the factual basis surrounding Count One. Defendant noted that for the two weeks immediately preceding April 26, 2007, he had been living away from his home as a result of marital discord with his spouse. At some point prior to his departure from the home, defendant's spouse had purchased the firearm for their son. The firearm was stored at the home of the defendant's mother in law inasmuch as defendant is a prohibited person. Defendant noted the firearm was for the son's use when an uncle took him hunting. Defendant conceded that he was "not allowed to" do likewise.

During defendant's two-week absence, however, his spouse retrieved the firearm and kept it in the home for protection. When he returned to the home on April 26, 2007, he intended to either pack his belongings and the tools used in his work as a professional logger or, alternatively, to reconcile with his spouse and presumably remain with her at the home.

Defendant did not know prior to his arrival that the firearm was in the home. He saw it at the right of his dresser in the bedroom while arguing with his spouse. He stated, "'What's that doing here . . . . You know I'm not allowed to be around those." Defendant professed that he then "walked straight

out of the house" and continued loading his possessions in the vehicle.[1]  He stated that he was in the bedroom for "two minutes maybe" and that he "never actually possessed it in . . . [his] hands or nothing like that."

Defendant stayed at the home or within its curtilage for 15 to 20 minutes.  During that time, defendant, his spouse and mother in law had an argument outside the home.  When defendant left the home, he picked up his children from school, took them to eat, and was then arrested by law enforcement on his way back to the home.  He was charged with unlawful possession of the firearm and a domestic violence incident arising out of the confrontation with his spouse.[2]

The court advised counsel that the foregoing factual basis did not support entry of a guilty plea to Count One.  Counsel were given the opportunity, however, to brief the point.  The briefs have been received and the matter is ready for disposition.

---

[1]At other points during the colloquy, defendant stated that he remained in the bedroom "[a] couple[,]" "three[,]" or "five" minutes.  He was certain he was not there more than five minutes.

[2]Defendant conceded that he "smacked her."

3

II.

Federal Rule of Criminal Procedure 11(b)(3) provides as follows: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The court of appeals commented recently on the purpose underlying the Rule:

> The rule is intended to ensure that "the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." The requirement to find a factual basis is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007).

Regarding the instant charge, the elements necessary to support a conviction under section 922(g)(1) are well settled:

> (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) <u>the defendant knowingly possessed, transported, shipped, or received, the firearm</u>; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.

Gilbert, 430 F.3d 215, 218 (4th Cir. 2005) (emphasis supplied) (quoting United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995)(en banc)). Respecting the second element, the court of appeals has additionally observed as follows:

> When the government seeks to establish constructive possession under § 922(g)(1), it must prove that the

4

> **defendant intentionally exercised dominion and control over the firearm, or had the power <u>and the intention</u> to exercise dominion and control over the firearm. <u>Constructive possession of the firearm must also be voluntary</u>.**

<u>United States v. Scott</u>, 424 F.3d 431, 435-36 (4th Cir. 2005) (emphasis supplied). The panel similarly observed that "taken as a whole, the jury instructions [given by the district court] were adequate to inform the jury that a felon's constructive possession of a firearm must be intentional to be illegal under § 922(g)(1)." <u>Id.</u> at 436. One basis for that conclusion was the fact that "when the court explained constructive possession to the jury, it was careful to draw a distinction between constructive possession and 'merely [being] present where the firearm was located.'" <u>Id.</u>

The <u>Scott</u> decision requires rejection of the proposed plea. Defendant has admitted no more than being present for a few minutes at most in a room where a firearm was present while gathering his belongings to leave the home. He expressed both surprise and dismay upon his sighting of the firearm. He contemporaneously observed to his spouse as well that she knew that he was "not allowed to be around" firearms. The court, accordingly, cannot conclude that defendant intended to voluntarily exercise dominion and control over the firearm. He

was, at most, briefly present in a room where the firearm was located.

The briefs of the parties do not diminish this analysis. The United States cites the court of appeals' unpublished disposition in United States v. Boysaw, No. 04-4515, 2006 WL 2562486 (4th Cir. Sept. 6, 2006). The material facts recounted by the panel illustrate why Boysaw is inapposite:

> Federal agents found a firearm on a tray next to the bed in the front upstairs bedroom of Boysaw's house. Boysaw . . . told agents that the gun belonged to his son Donald Eugene Boysaw ("Little Donald"). Before Boysaw was taken from the house, he requested a pair of shoes and cigarettes, which agents found next to the tray where the gun was found. Boysaw contended that he did not spend much time in that bedroom or upstairs, but Boysaw had many possessions in the upstairs bedrooms. The federal agents also found ammunition in various places in the house, including prescriptions and bills in Boysaw's name in a drawer in a bedroom, and in drawers in the kitchen, and plainly visible in a jar in the basement.

Id. at *2.

The defendant's brief contends that he had constructive possession of the firearm, asserting, without reference to the applicable mental states, "that he had the power to exercise dominion and control over the shotgun . . . ." (Def.'s Br. at 2). Defendant also states, inter alia, that when he was arrested he was returning to the home. It is unclear, however, if

6

defendant intended to stay or to simply deliver the children to his spouse, perhaps without ever getting out of his vehicle.[3]

Based upon the foregoing discussion, the court ORDERS that the proposed plea be, and it hereby is, rejected based upon the factual basis and briefing offered by the parties, along with binding circuit precedent. The court having rejected the proposed plea and, necessarily, the underlying plea agreement, it is further ORDERED that, pursuant to paragraph 13, the agreement be treated as a nullity.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, and the United States Probation Officer.

DATED: January 23, 2009

_____
John T. Copenhaver, Jr.
United States District Judge

---

[3] Defendant also cites United States v. Gilbert, 430 F.3d 215 (4th Cir. 2005). In Gilbert, the court of appeals rejected an "innocent possession" defense to a section 922(g)(1) charge. The decision, like Boysaw, is inapposite. In Gilbert, the defendant was in actual possession of multiple firearms, purposely retrieving them when he saw them unattended and then carrying them on his person for 15 minutes, only reluctantly discarding them after being ordered to do so by law enforcement.