```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:08-00156

**MILFORD HUBERT GORDON**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On July 31, 2015, the United States of America appeared by Jennifer Rada Herrald, Assistant United States Attorney, and the defendant, Milford Hubert Gordon, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendments thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a three-year term of supervised release in this action on August 1, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 2, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant violated state and local law inasmuch as he committed the felony offense of failure to appear on March 16, 2015, when he failed to appear for a court hearing regarding the charge of felony child neglect causing risk of bodily injury; (2) the defendant violated state and local law inasmuch as on September 29, 2014, he fled from an officer in a vehicle, engaging in reckless driving, a felony offense; (3) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on August 28, 2013, for marijuana; a positive urine specimen submitted by him on September 13, 2013, for marijuana, the defendant having admitted to the probation officer that same date that he had smoked marijuana on August 10, 2013; a positive urine specimen submitted by him on September 26, 2013, for oxycodone, oxymorphone and marijuana; a positive urine specimen submitted by him on September 30, 2013, for marijuana;  the defendant's admission to the probation officer on October 10, 2013, that he was using ten milligram Percocet tablets on a daily basis without a valid prescription;

a positive urine specimen submitted by him on October 11, 2013, for marijuana, the defendant having admitted to the probation officer that same date that he had last used marijuana about one week earlier; a positive urine specimen submitted by him on October 23, 2013, for marijuana; a positive urine specimen submitted by him on October 31, 2013, for oxycodone, oxymorphone and marijuana; a positive urine specimen submitted by him on November 12, 2013, for marijuana and oxycodone, the defendant having admitted to the probation officer that same date that he had used Percocet without a valid prescription the previous day and that he was still taking ten milligram Percocet tablets every other day; a positive urine specimen submitted by him on December 12, 2013, for oxycodone and marijuana, the defendant having admitted to the probation officer that same date that he nasally ingested Roxicodone daily without a valid prescription the previous month, further indicating that he had last used Roxicodone on the morning of December 10, 2013, before he entered the Highland Hospital program later that day; a positive urine specimen submitted by him on December 13, 2013, for marijuana, oxycodone and oxymorphone; a positive urine specimen submitted by him on January 14, 2014, for marijuana and oxycodone, the defendant having admitted that same date to the

3

probation officer that he had used marijuana and oxycodone; positive urine specimens submitted by him on June 20, 27 and June 30, 2014, for marijuana, the defendant having admitted to the probation officer on June 30, 2014, that he had smoked marijuana on June 19, 2014; positive urine specimens submitted by him on July 11 and 18, 2014, for marijuana; a positive urine specimen submitted by him on April 30, 2015, for marijuana, the defendant having admitted to the probation officer that he had smoked marijuana in the past month; and the defendant's admission to the probation officer that he had been admitted to the hospital for treatment of sepsis in his arm caused by his intravenous use of methamphetamine approximately two weeks prior to his arrest on April 29, 2015; (4) the defendant failed to attend outpatient treatment sessions at Prestera on October 30 and November 6, 2013; (5) the defendant failed to participate in drug treatment as directed by the probation officer inasmuch as he was referred to the Highland Hospital program and directed to enter and complete the seven-day inpatient detoxification program which the defendant entered on December 10, 2013, and left against medical advice on December 11, 2013; (6) the defendant failed to appear for individual substance abuse treatment sessions at Prestera on July 25 and August 1, 2014;

(7) the defendant failed to report to the probation office as directed on November 21, 2014; and (8) the defendant failed to submit monthly reports for the months of August, September, October, November and December, 2014; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of ONE YEAR AND ONE DAY, to be followed by a term of two (2) years

less one day of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend six months in a community confinement center, follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment. The defendant shall continue drug abuse counseling and treatment once released from community confinement as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>: The court recommends that the defendant be designated to an institution as close to Boone County, West Virginia, as feasible.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 4, 2015

John T. Copenhaver, Jr.
United States District Judge

6